Mark D. Chester (011423)
**CHESTER LAW, PLLC**
9332 N. 95th Way, Suite 109
Scottsdale, Arizona 85258
Telephone: 480.922.3939
Facsimile:  602.704.6069
mchester@mdclawyers.com

Gregory S. Korman (*Pro Hac Vice*)
greg.korman@katten.com
Ashley T. Brines (*Pro Hac Vice*)
ashley.brines@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone:   310.788.4400
Facsimile:    310.788.4471

Attorneys for Plaintiff
TruWest Credit Union

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TruWest Credit Union,<br><br>             Plaintiff,<br><br>v.<br><br>TruStage Financial Group, Inc., an Iowa corporation; and Does 1-10,<br><br>             Defendants. | Case No. 2:26-cv-01736-DGC<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff TruWest Credit Union ("Plaintiff" or "TruWest") alleges as follows:

## THE PARTIES

1. TruWest is an Arizona-chartered credit union headquartered in Scottsdale, Arizona.

2. TruWest is informed and believes, and thereon alleges, that Defendant CUMIS Insurance Society, Inc. ("Defendant" or "CUMIS") is an Iowa corporation with its principal place of business in Madison, Wisconsin. Defendant conducts business in Arizona.

3. TruWest is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. TruWest is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is liable to TruWest in some manner for the cause of action alleged herein. TruWest will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when their identities have been ascertained.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the statutory requirement of $75,000.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the acts, events, or omissions giving rise to TruWest's claims occurred in this district and Defendant has conducted business in this district.

6. The Court has personal jurisdiction over Defendant because it sold a bond to TruWest in Arizona and breached the terms of that bond in Arizona.

## GENERAL ALLEGATIONS

7. TruWest purchased a CUMIS fidelity bond (the "Bond"). The Bond was effective at all relevant times alleged in this Complaint.

8.    In or about November 2023, unbeknownst to TruWest, unidentified fraudsters gained access to the account of one of TruWest's members by obtaining and updating that member's account verification information.  Pursuant to these efforts, the fraudsters called TruWest's contact center and updated the member's account information over the phone.

9.    Unfortunately, the TruWest employee who spoke with the fraudster failed to properly and fully authenticate the caller and updated certain account information in violation of established TruWest policies and procedures intended to safeguard members' accounts.

10.    Between November 2023 and March 2024, the fraudsters, accessed the member's home equity line of credit ("HELOC"), and electronically transferred funds from the HELOC to the member's checking account.  Once these stolen funds were transferred, the fraudsters obtained a debit card in the member's name and then liquidated the stolen funds through use of that card.

11.    Funds were stolen from the member's checking account and savings account, as well as booster payments over the HELOC limit.  In total, the fraudsters stole $388,388.00 from the member's account.

12.    TruWest reimbursed its member for the stolen funds and submitted a claim to Defendant for its losses on May 15, 2024.

13.    On June 13, 2024, Defendant denied coverage.

14.    The loss suffered by TruWest falls squarely within the coverage provided under the Bond.  The Bond specifically provides coverage for losses resulting from transfers of funds fraudulently effectuated through the withdrawal or transfer of the proceeds of an accountholder's loan by a person other than the accountholder who has obtained unauthorized access into the accountholder's account information.  There are no exclusions under the terms of the Bond that would permit Defendant to avoid indemnifying TruWest for the losses incurred.  Nevertheless, Defendant continues to assert that its denial of coverage is appropriate.

15.    Defendant has breached, and continues to breach, the terms of the parties' contract by refusing to indemnify TruWest for its losses pursuant to the terms of the Bond. Defendant has also breached, and continues to breach, its duty of good faith and fair dealing to TruWest by, *inter alia*, engaging in conduct calculated to further its own economic interests, and failing and refusing to reimburse TruWest for losses suffered.

## FIRST CAUSE OF ACTION

### (BREACH OF INSURANCE CONTRACT)

16.    TruWest incorporates the allegations in paragraphs 1 through 15, above, as though fully restated here.

17.    The Bond is a valid and enforceable contract.

18.    Except to the extent excused, waived, or prevented by Defendant's conduct, TruWest has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Bond.

19.    Defendant breached the Bond by, without limitation, refusing to indemnify TruWest for covered losses as alleged above.

20.    As result of Defendant's breach of the Bond, TruWest has suffered damages, including the amount it reimbursed its member assuming Defendant would fulfill its obligations, in the amount of at least $388,388.00.

## SECOND CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

21.    TruWest incorporates the allegations in paragraphs 1 through 20, above, as though fully restated here.

22.    Pled in the alternative, there was implied in the Bond a covenant of good faith and fair dealing whereby Defendant agreed that it would act in good faith and deal fairly and honestly with TruWest and do nothing to impair, interfere with, hinder, or potentially injure TruWest's rights under the terms of the Bond.

3

FIRST AMENDED COMPLAINT

23. As alleged herein, Defendant breached the covenant of good faith and fair dealing by failing and refusing and continuing to fail and refuse to indemnify TruWest under the terms of the Bond.

24. Except to the extent excused, waived, or prevented by Defendant's conduct, TruWest has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Bond.

25. As a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, TruWest has suffered damages, including the amount it reimbursed its member assuming Defendant would fulfill its obligations.

### THIRD CAUSE OF ACTION

### (DECLARATORY RELIEF)

26. TruWest incorporates the allegations in paragraphs 1 through 25, above, as though fully reinstated here.

27. An actual controversy has arisen and now exists between TruWest and Defendant concerning their respective rights, duties, and obligations under the Bond. TruWest contends that Defendant has an obligation to indemnify TruWest for losses suffered as a result of the theft of funds from its member's account. Defendant contends that it does not have such an obligation.

28. TruWest is entitled to a judicial declaration of its rights under the terms of the Bond, including pursuant to A.R.S. § 12-1832.

29. Without such a declaration, TruWest is informed and believes that Defendant will continue to deny coverage under the Bond.

### PRAYER FOR RELIEF

WHEREFORE, TruWest prays for judgment against Defendants as follows:

1. For damages according to proof, in an amount not less than $388,388.00;

2. For a declaration that Defendant is obligated to indemnify TruWest for losses incurred as a result of the fraud perpetuated on its member;

3. For interest on any sums due;

FIRST AMENDED COMPLAINT

4.    For attorneys' fees and costs incurred, pursuant to A.R.S. §§ 12-341, 12-341.01, including fees and costs in the amount of at least $10,000 in the event default judgment is entered; and

5.    For such other and further relief as the Court may deem proper.

Dated: April 7, 2026

Respectfully submitted,

**CHESTER LAW, PLLC**

By:  _/s/ Gregory S. Korman_

Mark D. Chester
9332 N. 95th Way, Suite 109
Scottsdale, Arizona 85258
Telephone: 480.922.3939
Facsimile:  602.704.6069
mchester@mdclawyers.com

**KATTEN MUCHIN ROSENMAN LLP**
Gregory S. Korman (*Pro Hac Vice*)
greg.korman@katten.com
Ashley T. Brines (*Pro Hac Vice*)
ashley.brines@katten.com
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone:   310.788.4400
Facsimile:    310.788.4471

Attorneys for Plaintiff TruWest Credit Union

FIRST AMENDED COMPLAINT